IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANET NAWROCKI and H.O.P.E., INC., d/b/a/ HOPE FAIR HOUSING CENTER, an Illinois not-for-profit corporation, <br><br> *Plaintiff*, <br><br> v. <br><br> OAK BROOK TOWERS CONDOMINIUM ASSOCIATION, OAK TOWERS HOMEOWNERS ASSOCIATION, LIEBERMAN MANAGEMENT SERVICES, FIRSTSERVICE RESIDENTIAL ILLINOIS 2, INC., AND RICHARD KRILICH, <br><br> *Defendants*. | No. 20-cv-1517 |

**DEFENDANTS' MOTION TO DISMISS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendants, OAK BROOK TOWERS HOMEOWNERS' ASSOCIATION (the "Association"), FIRSTSERVICE RESIDENTIAL ILLINOIS 2, INC., and RICHARD KRILICH, by and through their attorneys, Christopher E. Ralph and Wendy P. Durbin, as and for their Motion to Dismiss the Amended Complaint filed by Plaintiffs, JANET NAWROCKI and H.O.P.E., INC., d/b/a/ HOPE FAIR HOUSING CENTER, an Illinois not-for-profit corporation (the "Plaintiffs"), pursuant to Federal Rule of Civil Procedure 12(b)(6), state as follows:

**I.     INTRODUCTION**

Plaintiffs filed their Complaint on March 2, 2020, alleging the Oak Brook Towers Condominium Association ("Condo Association") failed to accommodate a unit owner's request for an assigned parking space. After the Condo Association informed Plaintiffs' counsel that the Condo Association did not have control over the specified area, Plaintiffs filed their Amended

Complaint ("Complaint") on April 14, 2020 adding the Homeowners Association. The Complaint is divided into seven sections: 1) Nature of the Action, 2) Jurisdiction, 3) Parties, 4) Factual Allegations, 5) Damages, 6) Jury Trial Demand and 7) Prayer for Relief. Plaintiffs allege that the Association is in violation of 42 U.S.C. §3604(f)(3)(B) of the Federal Fair Housing Act (¶ 35). The Complaint is seeking an order from this Court compelling the Association to compensate Plaintiff Nawrocki for injures (¶ B, p.10), compensate Plaintiff H.O.P.E. for frustration of mission (¶ C, p.10), award Plaintiffs attorneys' fees (¶ D, p.10) as well as punitive damages (¶ E, p.10) and equitable relief (¶ F, p.10).

However, Plaintiffs' Complaint fails to state a claim for violation of the Fair Housing Act ("FHA") as Plaintiffs have failed to allege that they suffered an injury within the meaning of the statute, and failed to adequately allege the Association acted to discriminate against them. Plaintiffs' sole claim for recovery is based on an alleged violation of the statutory language of the FHA, which merely provides a definition. Plaintiffs fail to identify which specific provision(s) of the FHA they believe the Association violated. (¶ 35, p.9). Furthermore, Plaintiffs merely summarily recite conclusory statements in the Damages section of the Complaint (¶ 37A&B, p.10), with no allegations that even put the Association on notice of what portion of the statute they are being asked to defend. Finally, Plaintiffs count for declaratory judgment contains but one conclusory statement suggesting violation of the entire FHA in its Prayer for Relief section (¶ A, p11). As the Complaint violates Federal Rule of Civil Procedure 8(a)(2) by failing to state a claim upon which relief can be granted, and fails to allege the Plaintiffs are entitled to any such relief, the Amended Complaint should properly be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

II. **ARGUMENT**

 A. **Standard for Motion to Dismiss Pursuant to Rule 12(b)(6)**

Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)." In other words, "[u]nder the pleading standard now articulated by the Supreme Court, the complaint must contain allegations that "state a claim to relief that is plausible on its face" or it is subject to dismissal under Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009), quoting *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555. That is, the complaint must contain "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. *Id*. at 557. *Virnich v. Vorwald*, 664 F.3d 206, 212, 2011 U.S. App. LEXIS 25215, *11. The claim must be described "in sufficient detail to give the defendant 'fair notice of what the...claim is and the grounds upon which it rests." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

 B. **The Complaint violates Federal Rule of Civil Procedure 8(a)(2)**

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, every pleading "must contain a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Conley* v. *Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The purpose of the rule is to "underscore the

emphasis placed on clarity and brevity by the federal pleading rules." Ellis v. Neeley, 1995 U.S. Dist. LEXIS 879, 4 (N.D. Ill. 1995), citing 5 Charles Alan Wright & Arther R. Miller, *Federal Practice and Procedure* §1217 (2d ed. 1990).

Plaintiffs fail to provide a "short and plain statement" of the facts but instead recite definitions, quote lengthy examples from a booklet, and provide long narratives of conclusory statements. The Complaint fails to identify a specific operative provision of the FHA, but instead relies explicitly on 42 U.S.C. Section 3604(f)(3)(B) (¶ 35) which purpose is to provide a definition for subsection (f). Unless and until Plaintiffs properly identify the specific provision(s) under the FHA for which they are entitled to relief, the Association should not be left to guess what provision of the FHA they have allegedly violated. Without setting forth the essential elements for a cause of action for which relief can be granted, Plaintiffs have not satisfied Rule 8(a)(2) of the Federal Rules of Civil Procedure. Therefore, since the Complaint fails to state a claim for violation of any operative provision(s) of the FHA but rather solely uses a definition as the statutory language upon which Plaintiffs base their FHA theory for relief, this Court must dismiss Plaintiffs' Complaint.

C. **H.O.P.E. Does Not Have Standing**

Our Courts have held, "the only injury which need be shown to confer standing on a fair-housing agency is deflection of the agency's time and money from counseling to legal efforts directed against discrimination." Bellwood v. Dwivedi, 895 F.2d 1521, 1526 (7th Cir. 1990). Specifically, Plaintiffs allege H.O.P.E. engaged in six written correspondences to the Defendants (¶¶ 22, 26, 29, 30 & 33) on behalf of Nawrocki over the length of a six-month period. But Plaintiffs fail to allege any tangible resources or costs besides the limited correspondence to support their conclusory statements in the Damages section (¶ 37 A&B) to confer standing.

Since mere correspondence cannot amount to the deflection of counseling services, H.O.P.E. is not a proper party and must be dismissed.

## CONCLUSION

For all of the reasons set forth herein, Defendants respectfully request that Plaintiffs' Complaint be dismissed as to all Defendants, with prejudice, and that the Court award such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**OAK BROOK TOWERS HOMEOWNERS ASSOCIATION,** an Illinois not-for-profit Corporation, **FIRSTSERVICE RESIDENTIAL ILLINOIS 2, INC.,** and **RICHARD KRILICH**, *Certain Defendants.*

By: /s/ Wendy P. Durbin
One of their attorneys

**KOVITZ SHIFRIN NESBIT - 6288124**
Attorneys for Defendant
55 W. Monroe Street, Suite 2445
Chicago, IL 60603
312.880.1216 Ph.
847.537.0550 Fax
wdurbin@ksnlaw.com